UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

---

ANDREW SCHLESINGER,
an individual,

        Plaintiff,

vs.

DOCTOR'S ASSOCIATES INC. ; and
SUBWAY REAL ESTATE CORP.,

        Defendants.

CASE NO.:

Judge:

Magistrate:

---

## COMPLAINT

Plaintiff, ANDREW SCHLESINGER, by and through his undersigned counsel, hereby files this Complaint and sues DOCTOR'S ASSOCIATES INC. ("DOCTOR") and SUBWAY REAL ESTATE CORP. ("SUBWAY") (collectively referred to as "DEFENDANTS"), for declaratory and injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and alleges:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §12181 *et seq.* (hereinafter referred to as the ADA). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

3. Plaintiff, ANDREW SCHLESINGER, (hereinafter referred to as "MR. SCHLESINGER"), is a resident of Lafourche Parish, Louisiana. MR. SCHLESINGER lives on campus at Nicholls State University

1

4. MR. SCHLESINGER is a qualified individual with a disability under the ADA. MR. SCHLESINGER is afflicted with spina bifida.

5. Due to his disability, MR. SCHLESINGER is substantially impaired in several major life activities and requires a wheelchair for mobility. Specifically, MR. SCHLESINGER is unable to walk, stand, or use his legs without assistance.

6. Upon information and belief, DOCTOR is a corporation registered in the State of Louisiana and doing business in the Parish of Lafourche.

7. Upon information and belief, DOCTOR is incorporated in the State of Florida with the domicile of 700 S. Royal Poinciana Blvd., STE 500, Miami Springs, FL 33166.

8. Upon information and belief, defendant SUBWAY is a corporation incorporated in the State of Delaware and having the domicile of 2711 Centerville Road, Wilmington, Delaware 19808.

9. Upon information and belief, Subway restaurant # 20015, is generally located at 4840 Highway 1, Raceland, Louisiana 70394 (hereinafter referred to as "the Property").

10. Upon information and belief, DAI is the franchisor of approximately 20,000 "Subway" restaurants, including the restaurant "Subway # 20015."

11. The Subway restaurants are retail establishments devoted to the preparation and sale of sandwiches, salads, and other food items.

12. Upon information and belief, a franchisee entered into an agreement with DAI to use the Subway trademark and system at the restaurant "Subway # 20015."

13. Upon information and belief, under the franchise agreement DAI can control how the

franchisee makes modifications to restaurant "Subway # 20015."

14. Upon information and belief, DAI and the United States of America entered into a settlement agreement in July of 2007 (the "Settlement Agreement"), in resolution of claims that Subway restaurants were not accessible to individuals with disabilities in violation of Title III of the ADA. See Exhibit A.[1]

15. Upon information and belief, under the Settlement Agreement DAI made certain admissions and DAI agreed to control how its franchisees' restaurants are modified to improve accessibility for the disabled.

16. Upon information and belief, under the Settlement Agreement, DAI made the following admission:

- "DAI admits that it participates in the initial design of the Shops, and contends that its designs have been ADA-compliant since at least 1993." See Exhibit A, ¶ 6.

17. Upon information and belief, under the Settlement Agreement DAI agreed to require that its franchisees modify their restaurant to improve access for the disabled. Further, under the Settlement Agreement DAI agreed to exert control over *how* its franchisees modify their restaurants to improve accessibility for the disabled. Specifically, the Settlement Agreement states:

- "DAI shall institute an ADA Evaluation and Remediation Program, whereby it will (1) require its Franchisees and DAs to evaluate (a) accessibility of the approach and

---

[1] This settlement agreement is also publically available on the website of the Department of Justice at: http://www.ada.gov/subwayrest.htm.

entryway to Shops; (b) accessibility of the route to the rest rooms; (c) accessibility of the restrooms; and (d) where the remodeling has been completed as of the Effective Date of the Agreement, the elements described in Paragraph 40, and (2) require Franchisees to make remediations that will makes these areas compliant with the Standards, as provided in Paragraphs 51 and 52, as applicable." See Exhibit A, ¶ 41.

18. Therefore, given paragraphs 9 through 17 and the Settlement Agreement attached as Exhibit A, DAI operates the restaurant "Subway # 20015" under Title III of the ADA.

19. Upon information and belief, SUBWAY is a lessor of the Property.

20. DEFENDANTS are obligated to comply with the ADA.

21. All events giving rise to this lawsuit occurred in the Eastern District of Louisiana, Lafourche Parish, Louisiana.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

22. MR. SCHLESINGER realleges and reavers Paragraphs 1 - 21 as if they were expressly restated herein.

23. The Property is a place of public accommodation, subject to the ADA, generally located at: 4840 Highway 1, Raceland, Louisiana 70394.

24. Upon information and belief, MR. SCHLESINGER has visited the Property numerous times and desires to visit the Property again in the near future.

25. During these visits, MR. SCHLESINGER experienced serious difficulty accessing the

goods and utilizing the services therein due to the architectural barriers as discussed in Paragraph 29.

26. MR. SCHLESINGER continues to desire to visit the Property, but continues to experience serious difficulty due to the barriers discussed in Paragraph 29.

27. MR. SCHLESINGER lives within a close geographic proximity of the Property. MR. SCHLESINGER lives in Thibodaux and frequently travels to Houma for shopping, leisure, and recreation.

28. MR. SCHLESINGER intends to and will visit the Property to utilize the goods and services in the future, but fears that he will encounter the same barriers to access which are the subjects of this action.

29. Upon information and belief, DEFENDANTS are in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.* and is discriminating against MR. SCHLESINGER due to, but not limited to the following violations which MR. SCHLESINGER personally observed and/or encountered which hindered his access:

    I.    UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS ARE ALLEGED TO BE THE RESPONSIBILITY OF DEFENDANTS:

        A.    There are no disabled parking spaces at the Property and there is no van accessible parking.

        B.    Inside the restroom the men's restroom the flush controls are located on the wall side of water closet instead of the transfer side.

        C.    Inside the men's restroom there is insufficient clear floor space on the transfer side of the water closet as a result of the placement of

        the urinal.

    D.    The toilet paper dispenser in the men's restroom is not located between 7 and 9 inches in front of the centerline of the water closet.

    E.    The trash can in the men's restroom has operable parts that are too close to the finished floor.

    F.    The exit to the door in the men's restroom has a latch and closer and does not provide 12 inches of clear floor space to the right of the push side of the door.

30. Upon information and belief, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

31. Upon information and belief, removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANTS.

32. Upon information and belief, removal of the barriers to access located on the Property would provide MR. SCHLESINGER with an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at the Property.

33. Independent of his intent to return as a patron to the Property, MR. SCHLESINGER additionally intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.

34. MR. SCHLESINGER has been obligated to retain the undersigned counsel for the filing

and prosecution of this action. MR. SCHLESINGER is entitled to have his reasonable attorneys' fees, costs, and expenses paid by DEFENDANTS, pursuant to 42 U.S.C. § 12205.

WHEREFORE, MR. SCHLESINGER demands judgment against DEFENDANTS, and requests the following injunctive and declaratory relief:

A. That this Court declare that the Property owned, leased, and/or operated by DEFENDANTS is in violation of the ADA;

B. That this Court enter an Order directing DEFENDANTS to alter the Property to make it accessible to and useable by individuals with mobility disabilities to the full extent required by Title III of the ADA;

C. That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to MR. SCHLESINGER; and

D. That this Court award such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

THE BIZER LAW FIRM
Attorneys for Plaintiff
Andrew D. Bizer (LA # 30396)
andrew@bizerlaw.com
Garret S. DeReus (LA # 35105)
gdereus@bizerlaw.com
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996

By: /s/ Garret S. DeReus
    Garret S. DeReus